<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

|  | : |  |
|---|---|---|
| STEVEN A. JAMES, | : | Civil No. 06-2188 (RBK) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **<u>OPINION</u>** |
|  | : |  |
| LUMBERTON POLICE DEPT., | : |  |
|  | : |  |
| Defendant. | : |  |

---

**APPEARANCES:**

> STEVEN A. JAMES, #84668, Plaintiff <u>Pro</u> <u>Se</u>
> Burlington County Jail
> 54 Grant Street
> Mt. Holly, New Jersey  08060

**KUGLER**, District Judge

Steven A. James, an inmate who is presently confined at the Burlington County Jail, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. § 1915.  Having thoroughly reviewed the Plaintiff's allegations, pursuant to the requirements of 28 U.S.C. § 1915(e)(e)(B), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

### I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights arising from his arrest.  The named Defendant is the Lumberton Police Department.  Plaintiff asserts the following facts:

> While residing at the Travel Lodge in
> Lumberton, New Jersey, on the morning of
> October 27, 2005 around 2:00 A.M., I answered
> a knock at my door.  There appeared 2
> Lumberton Police Officers who asked for my
> name and then said that they had a warrant
> for me from Trenton.  I told them that I had
> never been in Trenton nor did I have any
> warrants from such place.  They insisted upon
> this and they apprehended me, taking me to
> the local station for confirmation, but it
> came up negative!  They continued to search
> the system and came up with an active warrant
> from Mt. Holly and notified the town's police
> who came and arrested me.  I was detained in
> the local jail until November 4, 2005 and
> then sent to Camden Jail where I have
> remained until this day May 3, 2006.

(Compl. ¶ 4.)

For relief, Plaintiff seeks compensatory and punitive damages.  (Compl. ¶ 5.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

2

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The Court construes Plaintiff's Complaint as potentially raising a Fourth Amendment seizure claim under § 1983.  The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no

4

Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

A seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968). "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Brigham City, Utah v. Stuart, 126 S. Ct. 1943, 1947 (2006) (citations and internal quotation marks omitted). In the absence of exigent circumstances, the "firm line at the entrance to the house . . . may not reasonably be crossed without a warrant," even if the police have probable cause that the person committed a crime. Payton v. New York, 445 U.S. 573, 590 (1980); see also Brigham City, 126 S. Ct. at 1947; Dirk v. Louisiana, 536 U.S. 635, 637 (2002).

"The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation' . . . . [I]n compliance with constitutional command . . . an arrest warrant [must] be supported by either an affidavit or sworn testimony establishing the grounds for issuing the warrant." Kalina v. Fletcher, 522 U.S. 118, 130 (1997); see also Wilson v. Layne, 526 U.S. 603, 611 (1999) ("[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority

to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within") (quoting <u>Payton</u>, 445 U.S. at 603).

In this case, Plaintiff alleges that two Lumberton police officers seized him from his dwelling (the Travel Lodge) on October 27, 2005.  However, the facts alleged in the Complaint do not show a violation of the Fourth Amendment, as Plaintiff asserts that there was a warrant for his arrest issued by the municipality of Mount Holly.[1]  This Court will accordingly dismiss the Complaint.

However, the facts alleged in the Complaint do not foreclose the possibility that there was no probable cause to support the Mount Holly arrest warrant. If that is the case, then Plaintiff may be able to state a cognizable Fourth Amendment claim by filing an amended complaint.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment).  The dismissal of the Complaint will therefore be without prejudice to the filing of an amended

---

[1] The police officers' mistaken belief, at the time of the seizure, that Trenton, rather than Mt. Holly, had issued the warrant is not constitutionally relevant.  "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'" <u>Brigham City</u>, 126 S. Ct. at 1947 (quoting <u>Scott v. United States</u>, 436 U.S. 128, 138 (1978) and adding emphasis).

complaint.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will enter an order directing the Clerk to reopen the file.[2]

**IV.  CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint.

S/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:       December 12       , 2006

---

[2] This Court notes that the sole named defendant in the original Complaint is the Lumberton Police Department.  Plaintiff should be aware that a police department is not a "person" subject to suit under § 1983, and that a local government entity, such as the municipality of Lumberton, "cannot be held liable solely because it employs a tortfeasor."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  If Plaintiff files an amended complaint, he may elect to name as defendants the individuals who were allegedly involved in the wrongdoing.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").