NOT FOR PUBLICATION                                                         (Docket No. 22)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                                    :
STEVEN A. JAMES,                      :
                                                    :
                    Plaintiff,               :          Civil No. 06-2188 (RBK)
                                                    :
          v.                                     :          **OPINION**
                                                    :
LUMBERTON POLICE DEPT.,       :
                                                    :
                    Defendant.           :
_____:

**KUGLER**, United States District Judge:

      This matter having come before the Court on a motion by Defendant Lumberton Police Department ("Defendant") to dismiss the Amended Complaint of Plaintiff Steven A. James ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges in his Amended Complaint that his constitutional rights were violated in connection with his arrest by two members of the Lumberton Police Department. Defendant's motion is based upon Plaintiff's alleged failure to name a proper party defendant in the action. For the reasons expressed herein, Defendant's motion to dismiss will be granted.

**I.          BACKGROUND**

      Plaintiff alleges that on October 27, 2005, his constitutional rights were violated by two members of the Lumberton Police Department. Allegedly, the police officers told Plaintiff they had a warrant, searched Plaintiff and his residence, apprehended Plaintiff, and subsequently detained him.

Plaintiff filed his initial Complaint with the Clerk on May 15, 2006, naming the Lumberton Police Department as the Defendant in the action, but not identifying or naming the officers who allegedly violated his constitutional rights.  On December 12, 2006, this Court dismissed Plaintiff's Complaint without prejudice, ordering the Clerk to reopen the file if Plaintiff filed an amended complaint within 45 days of the entry of the Order.  Also, the Court noted in its accompanying Opinion that the only named Defendant was not a "person" subject to suit under 42 U.S.C. § 1983, and stated that Plaintiff may elect to name, in an amended complaint, the individuals who were allegedly involved.

Plaintiff filed his Amended Complaint on January 8, 2007.  Although Plaintiff described the individuals who were allegedly involved in the actions which form the basis of his case, he did not name them specifically, still only naming the Lumberton Police Department as a defendant.  On July 3, 2007, the Court ordered the Clerk to reopen the case and issue and serve the summons and Complaint on the Defendant.  The summons was issued, but was returned unexecuted because Plaintiff failed to complete a USM Form 285 naming the individual defendants to be served.  On April 9, 2008, the summons was reissued and served.  On May 19, 2008, Defendants filed the instant motion seeking to dismiss the Amended Complaint for Plaintiff's failure to name a proper party and based upon the alleged expiration of the statute of limitations.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as

true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted)

## III.    DISCUSSION

Defendant alleges that, even accepting as true all of the allegations set forth in Plaintiff's Amended Complaint, Plaintiff cannot maintain a § 1983 cause of action because he has not named a party that may be culpable under the statute.  Plaintiff did not respond to Defendant's motion.

Under 42 U.S.C. § 1983, a plaintiff may seek redress for a violation of his federal civil rights by a person who was acting under the color of state law.  The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

A police department is not a "person" subject to suit under the statute, and a local government entity, such as a township, "cannot be held liable solely because it employs a tortfeasor."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978); see also PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993).

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  A municipality nor a government entity generally may not be the sole defendant in a suit filed pursuant to § 1983, but rather the individuals allegedly involved in the wrongdoing are the proper party defendants.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

Plaintiff has only named the Lumberton Police Department as a defendant in this action, even upon the filing of an Amended Complaint with previous direction from the Court as to the requirements for maintaining a cause of action under 42 U.S.C. § 1983.  The Court's direction on the issue was noted in its December 12, 2006 Opinion dismissing the Complaint without prejudice, nearly two years before the date on which this Opinion will issue.  Plaintiff, having failed to name proper party defendants, cannot state a claim upon which relief can be granted, and the Court will grant Defendant's motion to dismiss.

Because this Court will dismiss Plaintiff's Amended Complaint for failure to state a claim, it is unnecessary to discuss Defendant's allegation that Plaintiff's claim is time-barred.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED.  The accompanying Order shall issue today.

Dated:    11-20-08            ___/s/ Robert B. Kugler___
                              ROBERT B. KUGLER
                              United States District Judge

4