NOT FOR PUBLICATION (Docket No. 31)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| STEVEN A. JAMES, | : |
| Plaintiff, | : Civil No. 06-2188 (RBK) |
| v. | : **OPINION** |
| LUMBERTON POLICE DEPT., | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion to reopen filed by Plaintiff Steven A. James ("Plaintiff") with respect to his previously dismissed case against Defendant Lumberton Police Department ("Defendant"). For the reasons expressed herein, the Court will deny Plaintiff's motion.

**I.   BACKGROUND**

This Court entered an Order on November 20, 2008 granting Defendant's motion to dismiss Plaintiff's Complaint for failure to name proper party defendants. Plaintiff's instant motion, dated December 8, 2008 and filed December 15, 2008, is styled "a letter of motion to reopen." Plaintiff argues that he included the identification number associated with his arrest report in his Complaint and Amended Complaint, and that he was, due to his incarceration, unable to obtain the name of the officer associated with the badge number listed on the arrest report. Plaintiff additionally contends that his Amended Complaint included the arresting

officer's badge number, a fact belied by the record in this case (Docket No. 7.)

**II.   ANALYSIS**

A motion to reopen a case may be treated as either a motion for relief from a final judgment under Fed. R. Civ. P. 60(b) or a motion to reconsider under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i), Choi v. Kim, 258 Fed. App'x 413 (3d Cir. 2007). Were Plaintiff in this case attempting to file a motion for reconsideration pursuant to Rule 7.1(i) of the Local Civil Rules of the United States District Court for the District of New Jersey, such a motion should have been served and filed within 10 business days after the entry of the Order at issue, and it was not. Regardless of that delay, Plaintiff's motion to reopen is more properly considered a motion for relief from final judgment, the dismissal of all claims in this matter, under Rule 60(b).

Rule 60(b) provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason justifying relief from the operation of the judgment." "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Gov't of the Virgin

>> Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Moolenaar, 822 F.2d at 1346 (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citations omitted).

The fundamental question here, whether the identity of the arresting officers in this case is "newly discovered evidence" warranting this Court's determination that the judgment previously entered should be set aside, requires consideration of the evidence itself. "Newly discovered evidence within the meaning of Rule 60(b)(2) is evidence 'of which the aggrieved party was excusably ignorant' at the time of trial." Plisco v. Union R. Co., 379 F.2d 15, 16 (3d Cir. 1967) (quoting Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 526-27 (3d Cir. 1960), cert. denied 365 U.S. 818). Critically, "the evidence must have been discovered after [final judgment] and the failure to learn must not have been caused by a lack of diligence." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).

Plaintiff's request for relief from this Court's final judgment fails because the evidence upon which his motion is based is not "newly discovered evidence" under the terms of the Rule. The relief requested, that this Court relieve Plaintiff from the judgment against him, is grounded on Plaintiff's contention that the arresting officers' identities is newly discovered evidence pursuant to Rule 60(b)(2) and the cases that expound upon the Rule. However, Plaintiff himself asserts that the officers' badge numbers were available on the arrest report he cites in his Complaint and Amended Complaint. Plaintiff contends that he actually discovered the officers' identities after final judgment, but he fails to show his diligent efforts to obtain the names of the

3

officers, which Plaintiff himself states were available prior to final judgment via the arrest report.

Plaintiff merely offers, by way of explanation for his lack of diligence, that he discovered the evidence at issue "after being released from incarceration and doing a little research." He offers no sufficient explanation for his failure to obtain the arrest report and learn the officers' identities at some time between 2006 and the time of his filing the instant motion. In addition to failing to show diligence in discovering the officers' identities, Plaintiff has not shown any special circumstances that would justify granting relief under Rule 60(b)(6). Accordingly, Plaintiff has not met the requirements to succeed on a Rule 60(b) motion for relief from a final judgment and his motion will be denied.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff's motion under Fed. R. Civ. P. 60(b) for relief from this Court's November 20, 2008 Opinion and Order will be DENIED. An accompanying order shall issue today.

Dated:   6-30-09

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge